IN THE UNITED STATES DISTRICT COUT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| BRIAN KESSLER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-00939 (RGA) |
| ) | |
| AETNA HEALTH INC. ) | |
| ) | |
| Defendant. ) | |

**Memorandum Order**

Presently before the Court is Defendant's motion for summary judgment and an award of attorney's fees. (D.I. 10).

**I. Background**

Plaintiff, Brian Kessler, was admitted to inpatient treatment at Father Martin's Ashley for drug and alcohol addiction on April 16, 2013. (D.I. 18 at 272). He was subsequently discharged on May 14, 2013. (*Id.*) After Defendant, Aetna, denied coverage for the inpatient treatment, Father Martin's Ashley filed an appeal with Aetna on June 11, 2013. (*Id.* at 271). Aetna responded on July 19, 2013, denying the appeal in a letter signed by a medical doctor. (*Id.* at 256-61). Aetna later modified its decision to cover the detox period of April 16, 2013 through April 18, 2013. (*Id.* at 306). Aetna maintained the position that the period between April 19, 2013 and May 14, 2013 would not be covered on the basis that it was not "medically necessary." (*Id.*). On September 11, 2013 Plaintiff personally appealed Aetna's decision to deny coverage. (*Id.* at 307). Aetna upheld the denial in a letter dated November 8, 2013. (*Id.* at 310). Following the appeals process, Plaintiff filed a Request for External Review on December 13, 2013. (*Id.* at

340). The External Review, authored by a board certified psychiatrist, upheld Aetna's decision to deny coverage. (*Id.* at 322).

With no other opportunity to appeal through Aetna, Plaintiff filed a lawsuit in Delaware Superior Court on June 4, 2014. (D.I. 1, Ex. A). Defendant removed the case to this Court on July 16, 2014. (D.I. 1). On December 31, 2014, Defendant filed its motion for (1) summary judgment and (2) an award of attorney's fees. (D.I. 10). For the reasons provided below, Defendant's motion for summary judgment is granted and motion for attorney's fees is denied.

## II. Summary Judgment

Pursuant to the Employee Retirement Income Security Act (ERISA), "participant[s] or beneficiar[ies]" may bring an action "to recover benefits due to him under the terms of his plan . . . ." 29 U.S.C. § 1132 (a)(1)(B). "[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). The Third Circuit has explained that "[w]hen the administrator has discretionary authority, we review only for abuse of that discretion." *Howley v. Mellon Financial Corp.*, 625 F.3d 788, 792 (3d Cir. 2010). An abuse of discretion occurs if the decision "is without reason, unsupported by substantial evidence or erroneous as a matter of law." *Id.* (citation omitted).

Defendant argues that summary judgment is proper because, given the discretionary nature of the plan, Defendant did not abuse its discretion in denying the coverage. (D.I. 11 at 7). Furthermore, Defendant detailed its reasoning for denying coverage, and both a medical doctor and a complaint and appeal specialist reviewed the appeal. (*Id.* at 8). Finally, Defendant argues

2

that the external review is additional evidence that it did not abuse its discretion in denying coverage. (*Id.*).

Plaintiff contends that there is a question regarding how Aetna made its decision to deny coverage and what Aetna's reasoning was for doing so.[1] (D.I. 15 at 9). Plaintiff argues that Defendant disregarded Plaintiff's prior medical history, especially the fact that Plaintiff had failed to remain sober after a shorter stay at an inpatient facility. (*Id.* at 9). Since Plaintiff has remained sober after this most recent treatment, Plaintiff concludes that inpatient treatment was in fact medically necessary. (*Id.*).

In this case, Plaintiff's insurance plan gave Defendant discretionary authority.[2] Therefore review is limited to whether Defendant abused that discretion. After reviewing the administrative record, I conclude that Defendant did not abuse its discretion in determining that the inpatient treatment from April 19, 2013 to May 14, 2013 was not medically necessary. First, Defendant provided its reasoning for denying coverage. In a letter dated November 8, 2013, a Complaint and Appeal Analyst explained: "[y]ou completed an uncomplicated detoxification prior to this admission. You have a history of two months clean time following residential treatment in 2012 but did not follow up with the intensive outpatient treatment and eventually relapsed." (D.I. 18 at 310-13). This explanation is especially relevant considering Defendant's position that Plaintiff should have attempted intensive outpatient treatment as the appropriate level of care. This letter goes on to explain, "ASAM criteria do not support residential treatment as the medically necessary level of care for the dates in question but do support partial

---

[1] Plaintiff could have pursued discovery (D.I. 7, ¶2), but, according to the docket, elected not to do so.

[2] Plaintiff does not argue with Defendant's claim that the plan gives Defendant discretionary authority, and in fact both parties agree on the standard of review. (D.I. 15 at 9).

3

hospitalization treatment. This decision was made using the ASAM." (*Id.*). There is no basis to argue that Defendant's decision was without reason.

At Plaintiff's request, Defendant used its entire appeals process, concluding with a third party upholding Defendant's determination. A third party's review is not dispositive, but it does tend to support the reasonableness of Defendant's determination.

Whether an intensive outpatient treatment would have been successful is unknown. That the inpatient program was successful is known. It does not follow, however, that an intensive outpatient treatment program should not have been considered. Plaintiff failed to follow up with that level of treatment in 2012 (*id.* at 312), but that did not mean that he was bound to fail given a second opportunity. More importantly, it was not unreasonable to conclude that the 2012 treatment was successful, and that the later relapse did not undermine the conclusion that a brief inpatient stay to detox was the medically necessary level of treatment.

Plaintiff offered no evidence of his own showing that Defendant's decision constituted an abuse of discretion. Considering the high standard that Plaintiff must meet for this Court to overturn the denial, the lack of an expert supporting Plaintiff's position makes it almost impossible to meet that standard. Summary judgment in favor of Defendant is thus proper. Defendant's decision to deny coverage was not "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Howley*, 625 F.3d at 792.

Defendant's motion for summary judgment (D.I. 10) is **GRANTED**.

### III. Attorney's Fees

Defendant also seeks attorney's fees under ERISA, which says that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g). ERISA itself does not provide a standard for when an award of attorney's fees is

4

proper, but the Third Circuit has provided several factors to consider. *See Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983). The five factors that courts consider are:

> (1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorneys' fees; (3) the deterrent effect of an award of attorneys' fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' position.

*Id.* The Third Circuit has stressed the importance of articulating how each factor weighs in the balance for or against awarding attorney's fees. *See McPherson v. Employees' Pension Plan of American Re-Insurance Co.*, 33 F.3d 253, 254 (3d Cir. 1994).

Defendant argues that attorney's fees should be awarded for three reasons. First, Plaintiff's "claims lacked any colorable basis in this matter." (D.I. 11 at 9). Second, Plaintiff did not provide any evidence to support his position. (*Id.*). Third, a third-party upheld Defendants decision. (*Id.*). Plaintiff did not respond to Defendant's request for attorney's fees. (D.I. 15).

I will consider each factor and explain how it supports or weighs against awarding attorney's fees. The first factor -culpability or bad faith- weighs against awarding attorney's fees. Plaintiff may well believe that inpatient treatment was in fact medically necessary. The fact that Plaintiff did not offer any expert opinions or any real basis as to why Defendant's denial was an abuse of discretion seems to be more relevant to consideration of the fifth factor. Therefore, Plaintiff does not have any level of culpability for bringing the action, and there is certainly no evidence at all of bad faith.

The second factor -ability to satisfy an award- weighs against awarding attorney's fees. Plaintiff has received treatment multiple times for drug and alcohol addiction. It is highly unlikely that Plaintiff has any money to pay attorney's fees. This factor weighs against awarding attorney's fees.

5

The third factor -the deterrent effect- weighs in favor of awarding attorney's fees. Plaintiff brought this case without any medical opinion that inpatient treatment was medically necessary. Considering the lack of evidence to question Defendant's denial of coverage, this case probably should not have been filed. Thus, awarding attorney's fees would probably have a deterrent effect on similar Plaintiffs who do not provide any evidence on which to base their case. There would be a deterrent effect on future plaintiffs considering bringing weak claims.

The fourth factor -benefit to other members- weighs against attorney's fees. There is no benefit to the other members by awarding attorney's fees. This factor weighs against awarding attorney's fees.

The fifth factor -merits of the position- weighs in favor of awarding attorney's fees. I have discussed above that Plaintiff had no real basis for his claim. Plaintiff may feel strongly that inpatient treatment was medically necessary, but Plaintiff still did not offer any evidence explaining why it was necessary. Because of the lack of evidence Plaintiff provided, and the relatively strong evidence Defendant has supporting its denial, this case was relatively meritless. Therefore the fifth and final factor weighs in favor of awarding attorney's fees.

After weighing each factor, the Court will decline to award attorney's fees to Defendant. Plaintiff filed this action knowing the standard that needed to be met to prevail was substantial. Plaintiff had not made an administrative record that provided much of a basis to argue Defendant abused its discretion. Factors three and five do support awarding attorney's fees. The first, second, and fourth factors weigh against awarding attorney's fees. On balance, I do not think Plaintiff's personal responsibility for the lack of merit to this litigation is so great that he ought to

6

be held liable for attorney's fees.[3] Therefore, I decline to award attorney's fees, and Defendant's motion for attorney's fees (D.I. 10) is **DENIED**.

IT IS SO ORDERED this 16th day of April, 2015.

                                                                                                 */s/ Richard G. Andrews*
United States District Judge

---

[3] I do not know what to make of Plaintiff's lack of response to Defendant's attorney's fees argument. In my opinion, it would be unreasonable to attribute this failure to Plaintiff personally.

7